IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,    )
                             )
        Plaintiff,            )
                             )
   v.                        )   No.  13 C 2472
                             )       (05 CR 254)
AMIR HOSSEINI,               )
                             )
        Defendant.            )

MEMORANDUM ORDER

Amir Hosseini ("Hosseini"), whose conviction following a jury trial before this Court was then affirmed by our Court of Appeals (679 F.3d 544 (7th Cir. 2012)), has now filed a 28 U.S.C. §2255 ("Section 2255") motion that raises no fewer than 11 grounds for vacating his conviction. Although Hosseini has nominally designated his motion as being presented pro se, it is accompanied by a 47-page Memorandum of Law and Fact ("Memorandum") that was obviously lawyer-prepared.[1]

Before this memorandum order turns to the proceedings that are required to move forward with Hosseini's motion, something needs to be said about the filing itself. Although it may be permissible as an ethical matter for a lawyer to provide some

---

[1] It is more than worth observing that although Hosseini signed both the motion form and an accompanying affidavit, the Memorandum bears no one's signature--neither Hosseini's nor anyone else's. Indeed, just four of the explanations in the motion setting out the eleven grounds relied on speak in the first person ("I was" or "my trial," etc.), while the other seven refer to "Hosseini" exclusively in third person terms, just as the far more lengthy Memorandum does throughout--a sure tipoff as to the presence of an unseen hand.

degree of assistance to a nonlawyer who is acting on his or her own behalf in the often difficult handling of legal proceedings, in this Court's view it is unethical for a lawyer to engage in the kind and scope of activity that was clearly required in the preparation of the Memorandum here while at the same time wrapping himself or herself in the cloak of invisibility--or at least anonymity.

It must be remembered that lawyers owe responsibilities to the justice system that laypersons do not--see, e.g., Rule 3.3 of the Illinois Supreme Court's Rules of Professional Conduct, captioned "Candor Toward the Tribunal," which mirrors the identically numbered provision in the ABA's Model Rules of Professional Conduct. To be sure, Fed. R. Civ. P. 11 imposes responsibilities on pro se litigants as well as on lawyers, but the standards of conduct that apply to the nonlawyer are obviously much less demanding than those imposed on a legally trained and licensed lawyer. And as if that point needed fortification (and to this Court it does not), note that 28 U.S.C. §1927 specifically targets <u>lawyers</u> with the payment of fees incurred by the other side in consequence of such lawyers' vexatious conduct (an objective standard under the caselaw).

Accordingly this Court orders disclosure of the identity of the lawyer or lawyers involved in the preparation of the motion and Memorandum. That should be done expeditiously, and each such

lawyer should file his or her appearance so that this Court has jurisdiction over him or her. But at the same time it should be understood that no such appearance will obligate the lawyer to render further services in the case--Hosseini is free to proceed pro se if he chooses to do so.

To turn to Hosseini's substantive claims, this Court's threshold view, arrived at in consequence of its examination of the motion under the Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules"), has established the need for an answer from the United States Attorney's office (see Section 2255 Rule 4(b)), and that answer is ordered to be filed on or before May 17, 2013. And because Hosseini has charged both his trial and his appellate lawyers with constitutionally inadequate representation, Illinois Supreme Court Rule 1.6(b)(5) appears to relieve those lawyers of the strictures that normally prohibit the disclosure of confidentiality that attaches to the lawyer-client relationship.

In any event, after its receipt of the United States Attorney's response to the motion, this Court will determine what further proceedings are in order, perhaps including a reply by Hosseini or an evidentiary hearing or both. In those respects

the parties should await further directions from this Court.

                                    _____
                                    Milton I. Shadur
                                    Senior United States District Judge

Date: April 5, 2013