**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13 C 2472 |
| | ) | (05 CR 254) |
| **AMIR HOSSEINI,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Amir Hosseini ("Hosseini") has earlier instituted a timely 28 U.S.C. § 2255 ("Section 2255") motion, claiming that his conviction and sentence had resulted from what he labels as the constitutionally ineffective assistance provided by the counsel who had represented him. After this Court had ordered, and the United States had filed, a response to that motion in accordance with Rule 5(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules"), this Court issued a brief June 25, 2013 memorandum order that allowed Hosseini to file a reply (see Section 2255 Rule 5(d)). But although Hosseini did file such a timely reply, no judge's copy was ever transmitted to this Court, nor was it apprised that such a filing had been made.

Regrettably a combination of events caused an unprecedented breakdown in the systems that this Court has long established to maintain order and continuity in the hundreds of cases on its civil and criminal calendars. Internally this Court suffered the concurrent loss of its two invaluable staff people who had always combined to carry out the administrative responsibility for monitoring those calendars (its secretary of more than three decades' service succumbed to a terminal illness and her ultimate death from a fatal disease that caused her, over an extended period of time, to work only sporadically, with only temporary secretarial and office

management assistance available to fill in the gaps, while at the same time its courtroom deputy of some two decades' service followed this Court's urging that she apply to work instead for a newly-appointed colleague -- the risks of remaining with a superannuated senior judge are obvious -- and that colleague was wise enough to choose her).

Those things alone would not have caused the breakdown that occurred. Unfortunately the District Court's Clerk's Office has never established a procedure that might have been expected in an organization such as this one: the automatic transmission to each district judge of a judge's copy of every filing that has not been matched by a litigant's delivery as required by this District Court's LR 5.2(f) -- a deficiency that is particularly troubling where a litigant is acting pro se (as is the case with Hosseini) and cannot reasonably be expected to be aware of such LR requirements.

As a result this Court was never delivered a copy of the August 14, 2013 filing by Hosseini captioned as his "Supplemental Pleading Addressing Prejudice Under Strickland v. Washington." It has only been through inquiries received from Hosseini's family that this Court learned of, and has then obtained a copy of, that filing. In that filing Hosseini urges that an evidentiary hearing is required to deal with the subject raised by this Court's earlier memorandum order and his reply. That contention should clearly be addressed, and under the circumstances this Court intends to do so as soon as is feasible. To that end the first step is to obtain the government's statement of position on the matters raised by Hosseini's reply, and it is ordered to do so on or before May 12, 2014. This Court will then determine what ensuing procedures are called for.

                                                            Milton I. Shadur
                                                            Senior United States District Judge

Date: April 21, 2014