IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, | ) | |
| v. | ) | Case No. 13 C 2472 (05 CR 254) |
| **AMIR HOSSEINI,** Defendant. | ) | |

**MEMORANDUM ORDER**

Earlier this week this Court received the attached two-page letter from Amir Hosseini ("Hosseini"), together with a bulky document that appears to be a draft of an as-yet-unfiled petition for a writ of certiorari directed to the United States Supreme Court. Because the attached letter does not show that a copy was sent to the United States Attorney's Office, so that it is most likely an ex parte communication, this Court is delivering copies of this memorandum order and the letter to that office.

It is unclear from Hosseini's letter just what relief he is seeking from this Court, which issued a memorandum opinion and order (the "Opinion") last September 12 addressing and rejecting each of the 11 grounds that Hosseini had advanced in a pro se 28 U.S.C. § 2255 ("Section 2255") motion by which he attempted to seek relief from his conviction and sentence. It appears that Hosseini's principal current focus points to three matters already dealt with in the Opinion:

1. the delay in obtaining the trial transcript for Hosseini's direct appeal (the subject of his Section 2255 Ground Three);

2. the asserted inadequacy of representation by Hosseini's trial counsel on the issue of his possible testimony at trial (the subject of his Section 2255 Ground Four); and

3. a purported error by the government in the version of the indictment transmitted to the trial jury (the subject of his Section 2255 Grounds Seven through Ten).

Because each of those issues was among the grounds advanced by Hosseini's Section 2255 motion, this memorandum order will simply repeat what was said on those issues in the Opinion:

> Ground Three charges the denial of effective assistance of counsel and of due process on appeal attributable to the admittedly lengthy delay in obtaining trial transcripts. Here too Hosseini's ordered supplement added nothing to his original argument, and the government's original response presented a comprehensive refutation of any potential argument of prejudice flowing from the delays. Indeed, Hosseini's appellate counsel expressly raised the issue of typographic errors in the direct appeal, which among other things demonstrated a lack of prejudice.
>
> * * *
>
> Ground Four, which garnered the most space in Hosseini's supplemental pleading devoted to the Strickland "prejudice" issue, contends that Hosseini's trial counsel provided ineffective assistance through not honoring Hosseini's request to testify at trial. On that score Hosseini's own submission makes it crystal clear that he would have been a fool to testify at trial and that his trial counsel was more than reasonable in counseling him not to consider doing so. Though Hosseini states (no doubt accurately) that he cannot recall just what he would have testified to, he then proceeds to present in considerable detail what he believes his anticipated trial testimony would be. Both in part and in its entirety, such contemplated testimony would unquestionably have been harmful rather than helpful to his cause[2] -- and that adverse consequence would carry with it the risk of his being opened up to extensive cross-examination.
>
> At trial Hosseini was represented by several lawyers, with the lead counsel being Patrick Tuite, widely recognized as one of the preeminent criminal defense lawyers in this area. Attorney Tuite is no longer engaged in the practice of law, and the Attorney Registration and Disciplinary Commission website has no information as how to reach him. Instead his then associate John Grady has

provided a 5-page affidavit (his signature and the jurat are the only contents on page 6 of the document) that correctly observes that Hosseini's motion has waived the attorney-client privilege on the subject and goes on to discuss in detail the careful way in which attorneys Tuite and Grady (and sometimes another associate who was a member of the trial team) went over, at considerable length, the question of Hosseini's testimony vel non at trial.

---

[2] Indeed, Hosseini's description and the affidavit of his second chair counsel John Grady (discussed a bit later) create the virtual certainty that if Hosseini had testified, a good Section 2255 motion argument could be made for a finding of ineffective assistance in allowing him to do so. Surely Hosseini cannot seek to have it both ways.

* * *

Grounds Seven through Ten ring several changes on the figurative bell that comprises charges that an incorrect version of the indictment was delivered to the jury, together with the jury instructions and verdict form, for purposes of the jury's deliberations. In that respect this Court had issued several rulings that called for redaction of portions of the indictment, and nothing that Hosseini has submitted provides any predicate for believing that the version tendered to the jury did not match up with those required redactions. Hosseini's speculation to the contrary carries no weight. All four of those Grounds provide no basis for Section 2255 relief.

In sum, though it is unclear just what action Hosseini now seeks from this Court on his repetition of some of his earlier-voiced contentions, no relief on this Court's part is called for. Accordingly Hosseini's current submission -- treated as a motion -- is denied.

Milton I. Shadur
Senior United States District Judge

Date: June 11, 2015

Dear Honorable Judge Shadur,

My name is Amir Hosseini. I was convicted by a jury trial on a 57 count indictment. The counts included money laundering, structure, mail fraud, and RICO conspiracy. You always quoted to the court of appeals that I was convicted on a 97 count indictment; including bank fraud, and aiding and abetting drugs; to show that I was the worst of the worst. Initially we fought for severance and at one point you granted.Your opinion in 2007 says me and my co-defendant are convicted of 97 counts.

Your court reporter, Mr. Jesse Andrew, took 39 months to give me my paid transcript of my trial.
By law it should take 30 days, with extension of 90 days if needed.
He had excuse after excuse that I informed you and the court of appeals about, at least five times, by my attorney at the time Mr. Marc Martin. The excuses ranged from that his computer crashed, which in itself is a conspiracy itself. Were there no backups of the transcripts? Other excuses were his mother died and that he went to the dentist to fix his teeth and that there were two other transcripts ahead of my transcript.
Finally he retired, and someone else transcribed it for me. I think it is all a conspiracy on behalf of the government. I understand natural causes can delay a process of one's work but is more than three years wait for something requested in order to continue my fight for innocence, a fight to reunite with my family, really judicially correct?

For ten months, my 2255 motion, was in court to be answered until my wife called your office. She called several times and you issued an opinion April 21, 2014 with bad news of your deputy court official's passing, and that your secretary of twenty years went to work for another judge.
By then, the government had enough time to get an affidavit from my junior attorney to say why I shouldn't testify at my trial if I lie under oath. He also told me that I would get more time. However if they thought that I was lying, they shouldn't represent me to begin with.

Judge Shadur, I was found guilty of everything. But with all due respect, the government is guilty of not listening to you, as you ordered them to do so. They did not redact the indictment. No matter how long and how many times you denied me, this is my right to be tried by a good sound indictment.

I am a diabetic person who takes seven different medications, and I am 59 years of age. I may not make it through my eight and half years remaining time of my sentence.
But I know my indictment was defective, and the government is responsible for it.
Simply because they thought that they could get away with it, by not redacting the indictment.
You asked them on Jan. 5 2007; "Did you send me a redacted indictment?"
They said yes they did. You said you didn't get it. I have a five page transcript of that day attached.

You released all the liens and lis pendens on all of my property, except for the one that was forfeited. This happened in November 2009. You told the government that it was too late to ask for more property and if they want more, they have to go to the appellant court. As part of the Illinois marriage act, you gave everything to my wife. And the government still has liens, and the Illinois department of Revenue has more than one million dollars in liens as part of restitution which you set at $300k.

Judge Shadur; at this point, I am not asking for relief because you closed every door and the key is in your hand, I am begging for justice. Please set the record straight, the government did not follow your instructions and that is injustice done to me. Two different times I obtained copies of my indictment from the government warehouse. I sent one with my 2255 motion in Apr 2, 2013 and you confirmed it along with a letter that I said I am six and a half years in prison of a twenty year sentence. The second copy of the indictment, I am sending you along with my supreme court motion to you for your court copy that you ask for.

Thank you very much for listening to me. Maybe hiring a fact finder to see how the government did their part, since the original prosecutors are working for themselves and the new prosecutor doesn't know what happened. Somebody is responsible for all of the defects in my case..

Sincerely,

Amir Hosseini 21873-424