# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 13 C 2472 (05 CR 254) |
| AMIR HOSSEINI, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Amir Hosseini ("Hosseini") is a prime candidate for being viewed as the exemplar of the never-say-die litigant. After a five-week jury trial in 2007 that resulted in his being found guilty of all 97 remaining counts of what our Court of Appeals labeled as "a massive 100-count indictment alleging RICO conspiracy, money laundering, mail fraud, illegal transactions structuring, bank fraud and abetting a drug conspiracy,"[1] he exhausted his appellate rights (including the filing of an unsuccessful petition for certiorari) and then filed a pro se 28 U.S.C. § 2255 ("Section 2255") motion advancing 11 grounds for securing relief from his conviction and sentence.[2]

---

[1] That quoted language comes from the description given by our Court of Appeals (United States v. Hosseini, 679 F.3d 544, 548 (7th Cir. 2012)) at the outset of its opinion affirming Hosseini's conviction and sentence.

[2] In addition to that Section 2255 motion and Hosseini's later efforts described in this opinion that also challenged his conviction and sentence, the over-50-entry docket in this action reflects some other collateral requests for relief filed by Hosseini. Those are not itemized here because they have no bearing on the subject dealt with in this opinion.

This Court dispatched that Section 2255 motion in its entirety in a September 12, 2014 memorandum opinion and order, and Hosseini (of course) took an appeal on that decision. That produced this January 15, 2015 mandate from our Court of Appeals:

> Amir Hosseini has filed a notice of appeal from the denial of his motion under 28 U.S.C. § 2255, and a request for a certificate of appealability. We have reviewed the final order of the district court and the record on appeal. We find no substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). Accordingly, the request for a certificate of appealability is DENIED.

Hosseini's petition for rehearing and for rehearing en banc was then rejected on March 17, 2015 by the Court of Appeals, stating:

> On consideration of the petition for rehearing and rehearing en banc, filed on February 18, 2015, no judge in active service has requested a vote on the petition for rehearing en banc and all of the judges on the original panel have voted to DENY the petition for rehearing. Accordingly, the petition for rehearing is DENIED.

Just a bit more than a week later Hosseini tendered another motion in this District Court, this time seeking what he described as seeking "Relief from Judgment Pursuant to Rule 60(b)(1)" (Dkt. No. 49). Because of the clear lack of merit in that effort, on March 31 this Court entered a memorandum order denying such relief (Dkt. No. 50).

Never one to take a "No" response -- or even a series of "No" responses -- as the basis for subsiding, Hosseini next allowed some three months to pass until June 2015, when he transmitted to this Court what appeared to be an ex parte communication: a two-page letter and, as this Court's ensuing June 11, 2015 memorandum said, "a bulky document that appears to be a draft of an as-yet-unfiled petition for a writ of certiorari directed to the United States Supreme Court." In addition to sending a copy of that transmission to the United States Attorney's Office to eliminate any ex parte communication problem, that memorandum found Hosseini's

communication unclear as to just what he was urging, other than a repetition of some of his earlier contentions, and this Court again denied relief (Dkt. No. 51).

This time silence descended for nearly 10 months until Hosseini came up with his newest filing, one attempting to call Rule 60(b)(3) to his aid. With that protracted background setting the stage for analysis, this opinion takes matters from there.

"Fraud" simpliciter, which may provide relief from an adverse judgment under Rule 60(b)(3), is subject to a one-year statute of limitations. By contrast, the Rule 60(d)(3) predicate for relief imposes no temporal limit on that concept. Unsurprisingly, then, the caselaw has set a considerably higher bar for a Rule 60(d)(3) claimant to surmount -- as 12 Moore's Federal Practice § 60.21[4][c] at 60-59 to 60-60 (3d ed. 2015) puts it (footnotes and citations to earlier sections of Moore's omitted):

> Fraud on the court may not be established simply by showing some misconduct by one of the parties to the suit. Fraud on the court must be construed narrowly, not only to protect the finality of judgment generally, but specifically to protect the integrity of Rule 60(b)(3), which permits a motion for relief from judgments because of the fraud of the parties, but only if the motion is brought within a reasonable time that is no more than one year after the entry of judgment. If fraud on the court were to be given a broad interpretation that encompassed fraudulent misconduct between the parties, a judgment would always remain subject to challenge, and the one-year time limitation applicable to motions based on Rule 60(b)(3) would be meaningless.

And Moore's, id. at § 60.21[4][a] at 60-56 (footnotes and supporting authoritative caselaw again omitted) has accurately described the narrow scope of that concept:

> "Fraud on the court" is defined in terms of its effect on the judicial process, not in terms of the content of a particular misrepresentation or concealment. Fraud on the court must involve more than injury to a single litigant; it is limited to fraud that "seriously" affects the integrity of the normal process of adjudication. Fraud on the court is limited to fraud that does, or at least attempts to, "defile the court itself" or that is perpetrated by officers of the court "so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases."

As indicated there, one usual component of fraud on the court is the complicity of an officer of the court itself, most often a lawyer in the case (see, e.g., In re Golf 255, Inc., 652 F.3d 806,809 (7th Cir. 2011)). Here Hosseini charges misconduct on the part of the prosecutor, a contention that this Court (without making any findings at this point, of course) finds to be a sufficient basis for making further inquiry.

In this instance this Court has not of course retained any part of the record of Hosseini's trial as part of its own files. From Hosseini's submission, however, it appears that three questions need to be asked of the government at the outset -- questions that might possibly lead to a quick decision or, on the other hand, might call for further proceedings:

1. Was an incorrect version of the indictment, without the redactions based on this Court's rulings, actually delivered to the jury? On that score, a copy of the indictment as transmitted to the jurors for use during their deliberations should be delivered to this Court's chambers.

2. If the answer to the first question is "Yes," what is the explanation for how that occurred?

3. What jury instructions were given by this Court dealing with the elements of proof that had to be provided by the government as to all of the counts that were submitted to the jury for rendition of a verdict? If there is any question as to the precise scope of that inquiry, a complete set of the jury instructions should also be delivered to this Court's chambers.

Those questions must be answered, and the documents referred to in those questions must be delivered to this Court's chambers, on or before May 9, 2016. This Court will then determine

what further proceedings are required to address Hosseini's contentions.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 19, 2016