# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13 C 2472 |
| ) | (05 CR 254) |
| AMIR HOSSEINI, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

In the opening paragraph of the April 2016 motion (the "Motion") by pro se litigant Amir Hosseini ("Hosseini"), which seeks to invoke the highly restricted exception provided by Fed. R. Civ. P. ("Rule") 60(d)(3) to the limited relief allowed by the rest of Rule 60, he has charged that the judgment entered by this Court denying his earlier motion under 28 U.S.C. § 2255 "was procured by fraud upon the Court." Because that most recent attack by Hosseini has leveled extraordinarily troubling charges of government misconduct, this Court promptly issued a memorandum opinion and order that directed the government to respond to three questions that were clearly at the core of Hosseini's most recent attack.

All 18 pages of Hosseini's current motion ring changes (in bell ringer terminology) on the same bell, so that the government's just-received response justifies a swift denial of that motion. At page 16 Hosseini captions his final subsection "The Records Do Not Lie." That is indeed true, but what the government's response demonstrates is that it is not the records but Hosseini himself who has departed from the truth.

What the government's response has shown, supported by copies of the documents themselves, is a total rebuttal of Hosseini's charges. Here is what that response reflects:

1. All of the required redactions were made in the version of the indictment delivered to the jury for use in its deliberations (Ex. A to the government's response) -- redactions that followed to the letter this Court's rulings striking portions of the Superseding Indictment: Paragraph 10(d) through 10(k) in Count One of the Superseding Indictment and all of Counts Five, Twelve and Seventy-Two of that Superseding Indictment.[1]

2. As for the jury instructions delivered to the jurors for consideration during their deliberations, a complete set of which has been tendered as Ex. B to the government's response, they too were unexceptionable.

After this opinion, comprising what has been said to this point plus a statement of this Court's ultimate ruling, had been dictated and was awaiting transcription, yesterday's mail included the attached May 10 communication from Hosseini (Attachment 1)[2] accompanied by these three documents certified by the Clerk's Office:

1. a January 5, <u>2007</u> filing (Dkt. No. 261, "Government's Motion To Amend Indictment To Correct Non-Substantive Errors) and its Ex. A (Dkt. 261-2), a redacted Superseding Indictment that had in fact eliminated some portions that this Court had previously stricken (Counts Five and

---

[1] As the government's response states, some 11 pages relating to forfeiture allegations were also eliminated from the version that went to the jury.

[2] Attachment 1 also refers to other unrelated grievances that are rankling Hosseini. This memorandum order does not treat with them except for his request for counsel, which is denied because of the extremely limited scope of Rule 60(d)(3) and Hosseini's patent disentitlement to relief under that Rule.

> Seventy-Two), but that Hosseini still claims were wrongfully retained in the version that went to the jury at the end of the trial a few weeks later;
> 2. a January 19, 2006 filing (Dkt. No. 107), which reproduced the Superseding Indictment and naturally included the later-redacted portions; and
> 3. a July 21, 2005 filing (Dkt. No. 66), which reproduced the original Indictment.

Although both the second and third of those documents are obviously irrelevant to the issues raised by Hosseini, the first document requires a brief discussion that follows.

Comparison of that document with the government's Ex. A to its current response reveals that the former but not the latter includes Count Twelve, which this Court also struck just before the case went to trial on January 22, 2007. But the explanation is simple: Dkt. No. 279 in the criminal case is the January 19 motion by Hosseini's trial counsel to dismiss Count Twelve, while Dkt. No. 289 is the government's response filed the same day. Finally, Dkt. No. 292 is this Court's memorandum opinion and order that granted the motion to dismiss Count Twelve on January 22.

Because all three of those events took place <u>after</u> Hosseini's first document was filed on January 7, 2007, there is no reason to question the government's response as to the version of the Superseding Indictment that was sent to the jury, as explained in the portion of that response set out as Attachment 2 to this opinion. Thus Hosseini's "fraud on the court" contention is totally devoid of merit. If any such offense were indeed chargeable, it would have to be placed at Hosseini's own doorstep -- but this Court will refrain from any such ruling, recognizing instead

that his groundless suspicions confirm the wisdom embodied in Alexander Pope's aphorism in An Essay On Criticism:

> All seems Infected that th' infected spy,
> As all looks yellow to the jaundic'd eye.

In sum, Hosseini's Rule 60(b)(3) motion is denied out of hand. Finally, it does not seem to have occurred to Hosseini that abuse of the legal system tears at the societal fabric, just as the crimes that led to his conviction and sentencing did. This Court (and our Court of Appeals as well) have treated all of his legal challenges as serious matters -- but there is a limit. If he were to persist in efforts that are as frivolous -- both factually and legally -- as those advanced in his current motion, consideration would have to be given to the imposition of appropriate sanctions.

                                                      Milton I. Shadur
                                                      Senior United States District Judge

Date: May 11, 2016

May 10th 2016
Case #05-cr254

Honorable Judge Shadur;

My name is Amir Hosseini. Late last night I received the government's response as requested by you in reference to my motion via prison email from my family. I am disheartened to see that as usual the government is wrong and not depicting the events truthfully. The motion to strike the false lien allegation was rule dismissed by you on January 23rd 2006 and my trial began January 22nd 2007.

Three weeks before the trial, on January 5th 2007 you asked the government for the redacted indictment, in which the government replied that they had delivered it to you that morning. You said you didn't receive it, and they responded that they had tasked the job to someone in their office on the 15th floor and would get back to you as soon as possible. You then stated that you would like to see what they have; Mr. Rubenstein replied that they have redacted all the problematic paragraphs as well as some typos in addition to taking off the last signature for the jury format, and re allegation to count 97 – 100 from count 1.

The same day the government filed the docket amendment to indictment for all of the above as well as dismissing count 5 and 72 by the government .This is the indictment docket "261-2".

However, I have a certified copy of this indictment (which I have attached and provided for you) that shows the indictment dated from 2007 and it still has the false lien allegation plus count 3 in fetal condition, meaning the word "knew" is missing from the statue which was ruled by you on January 22nd 2007, in that same time you dismissed count 12.

I have other document s in my possession here at FCI Milan and elsewhere , in which Ms. Lisa Noller did not redact the indictment even after the trial, even though at that point it is very late, it was still not corrected.

Your Honor, with all due respect, the government thinks that they can push things under the rug, and that I will stay quiet. On many occasions before the trial you asked the government for indictment to be redacted before being presented to the jury for deliberation.
The excuse the government has provided seems to me to be unheard of. How is it possible to have one indictment docketed with half of your orders and another clean version like the government has stated and provided, that is not docketed.

Your Honor, they have misrepresented information to you like they did throughout the trial. The jury convicted me on Rico allegations based on two points; A, and B however one requirement was dismissed and the other was not. Currently we don't know which point I was convicted based upon which as you can imagine is problematic as I am currently serving the second half of my sentence.

ATTACHMENT 1

As a side note, I have two more points I would like to bring to light. Firstly, three months ago I sent motion 41g to your court, you told me on the phone in prison that you will appoint a lawyer to represent me. Today, on May 5th 2016, I am still waiting for my lawyer and have filled out all the necessary documents.

Secondly, I blame the government because once again they did not listen to you as you ordered them to do so in November 2009. They took $397,000 from real estate closing that my wife and children had which based on your ruling according to the Illinois Marriage Act was supposed to be returned as property to my family. They sold the property but the government took the money they were supposed to receive for it.

I ask you to please hear me out and bring justice to my family and myself. A defective indictment does not have a place in the American justice system.

For the record, a copy of this letter will be hand delivered to the office of Yasmin Best on the 15th floor on 5/10/2016.

Sincerely,
Amir Hosseini
21873-424
FCI MILAN
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
MILAN, MI 48160

In response to the Court's first two questions, attached as Exhibit A is a copy of the indictment that was tendered to the jury at the start of deliberations. This copy of the indictment was retrieved by the undersigned from the closed case files for 05 CR 254. Specifically, this version of the indictment was contained in a folder marked "Clean Indictment – To Jury." This version of the indictment does not contain the "Mail Fraud: False Lien Scheme" allegations that were included in paragraph 10(d)-(k) in Count One of the Superseding Indictment and which were ordered stricken by the Court.[1] It also lacks Counts Five, Twelve, and Seventy-Two, which were stricken,[2] as well as the court stamps, grand juror and US Attorney signature blocks, and the term "Superseding Indictment," all of which were present on the filed version of the indictment. As this Court knows, the filed version of the indictment is typically not sent back to the jury; the stamps and signature blocks are removed as a matter of course from the jury version, and the clean version typically is not docketed during or after trial. In the instant case, not only were the standard redactions made, but paragraph 10(d)-(k) and Counts Five, Twelve, and Seventy-Two were also removed.[3] As such, there was no error and petitioner's assertion that the government committed a fraud upon the Court has no merit.

---

[1] *See* 05 CR 254, Dkt. # 107 at 7-10.

[2] As the government noted in its response to Hosseini's § 2255 petition, during the briefing of petitioner's direct appeal, "appellate counsel included a chart in the appellate brief listing the counts of the indictment – neither Count Five nor Count Twelve was included on the chart, and a footnote notes that a portion of Count One was struck on this Court's order. *See United States v. Hosseini and Obaei*, Nos. 08-1879 and 09-1880, Document No. 64 at 5-6." Dkt. # 13 at 16.

[3] Also absent from this version of the indictment is approximately 11 pages related to forfeiture allegations.