# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                              )<br>        Plaintiff,             )<br>                              )<br>    v.                        )<br>                              )<br>AMIR HOSSEINI,                )<br>                              )<br>        Defendant.            ) | Criminal Case No. 05 CR 254-1<br>Civil Case No. 13 C 2472 |

## MEMORANDUM ORDER

Pro se criminal defendant Amir Hosseini ("Hosseini") has just submitted a statement, received in the Clerk's Office on September 19, that begins:

> This is a good faith letter and the last letter you will receive from me before you retire, may God bless you.

It is frankly to be hoped that Hosseini is a man of his word, because the most recent of his challenges stemming from his conviction and 20 year sentence imposed over a decade ago disclose major misunderstandings on his part, rather than substantively meritorious contentions.

To begin with the issue posed (again) by Hosseini's most recent filings, his attack rests on the premise that the jury never received a correct copy of his indictment -- one that eliminated portions of the original indictment pursuant to rulings by this Court. But as part III of the "Government's Response to the Court's Order of August 22, 2017" (Dkt. No. 58, filed September 12 in the civil case referred to in the caption) has explained in detail at its pages 2 through 6, Hosseini is simply wrong in his version of the relevant facts. Hence Hosseini's "Motion To Grant 2255(f)(4) in Light of New Fact" (Dkt. No. 56 in the civil case) is denied, and it is long past the time that Hosseini should have subsided in advancing that argument.

Hosseini's other recent motion, one that seeks the return of property pursuant to Fed. R. Crim. P. ("Rule") 41(g), is at least equally groundless. When the United States filed its Response to that motion (Dkt. No. 849 in the criminal case referred to in the caption, filed less than a week after the filing of Hosseini's motion), it explained (id. at p. 1) that Rule 41(g) simply did not apply at all:

> However, the United States was simply enforcing a valid restitution judgment lien (against all of Hosseini's property), and not seeking forfeiture of specific real property or the proceeds from the sale of real property that had been the subject of a withdrawn lis pendens notice. The Court's order requiring the United States to remove the forfeiture lis pendens from the property did not limit the United States' enforcement of the valid and existing criminal restitution judgment, and the United States is not required to return the proceeds from the sale of the real property (which it does not possess and cannot return in any event).

This Court therefore swiftly denied Hosseini's motion less than a week later (Dkt. No. 850 in the criminal case, issued July 13, 2017).

Hosseini's September 11 reply to this Court's August 22 request for such a response simply acknowledged this Court's adverse ruling. So Hosseini's motion in that respect remains denied.

## Conclusion

As this memorandum order stated at the outset, both of Hosseini's motions have been and are denied. Hosseini's promise of no further challenges is long overdue.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 22, 2017